Honorable Jim Honeyford State Senator, 15th District P. O. Box 40415 Olympia WA 98504-0415
Dear Senator Honeyford:
By letter previously acknowledged, you have requested an opinion on the following questions:
1. Is the Department of Agriculture authorized to use funds from the fruit and vegetable inspection account (created pursuant to RCW15.17.240) to pay administrative and overhead expenses of the Department?
2. What types of expenses of the Department of Agriculture are considered to have been incurred in the "implementation and enforcement" of RCW 15.17?
3. Is the Department of Agriculture authorized to use funds in the fruit and vegetable inspection account (created pursuant to RCW 15.17.240) to pay any expenses other than those referred to in your answer to Question 2?
 BRIEF ANSWERS
The Department of Agriculture is authorized to use funds from the fruit and vegetable inspection account to pay those administrative and overhead expenses of the Department that relate to the implementation and enforcement of RCW 15.17. These would include categories of expenses that the fruit and vegetable inspection program would incur if it were a "stand alone" agency and not a part of the Department. It is beyond the scope of an opinion to define precisely which expenses fall within that category or the level of such expenses that properly may be charged to the account.
 [original page 2] BACKGROUND
Your questions are based upon a change of practice over time with respect to the types of expenses charged by the Department to the fruit and vegetable inspection account. From information provided in your request letter, and from additional information we have obtained from the Department, we have learned that the fruit and vegetable inspection account is one of a number of "local accounts" established to implement particular agricultural programs. Prior to about 1993, the Department's practice was to use the "local accounts" only to pay the direct expenses of implementing specific programs (such as the inspection program at issue here). General fund appropriations covered the cost of administrative overhead.
When the biennial budget for 1993-1995 was under consideration, the Department apparently received instructions, later incorporated into legislative budget notes,[1] to allocate its administrative costs (or at least some portion of them) to the individual local accounts, thus permitting the Legislature to reduce its general fund support for the Department's operations. The Legislature's instructions were not expressed in the budget itself, but the supplemental budget for the biennium included the following language:
The department [of agriculture] shall report to the governor and the appropriate fiscal committees of the legislature, by November 15, 1994, regarding administrative costs of the agency and how such costs are being allocated between programs and funds sources within the agency.
Laws of 1994, 1st Sp. Sess., ch. 6, § 314(4). In response to this language, the Department provided a report, dated November 1994, which contains the following language:
The Washington State Department of Agriculture's (WSDA) administrative costs, as described in this report, historically have been funded by a general fund-state appropriation. Other indirect costs attributable to individual programs are charged directly to those programs (e.g. Facilities and Services charges are allocated directly to programs based on square footage occupied.) In the 1993-1995 biennial budget the legislature reduced the amount of general fund-state support to the agency's administrative operations by $2.9 million (see table 1). Legislative intent was to shift a proportionate amount of the funds supporting the agency's Administrative Services budget from the general fund to the local funds at the same proration as the agency-wide budget. The result is that local funds now must support a proportionate amount of the agency's $4.2 million in biennial administrative costs. The history of a local fund's expenditures constitute the basis for prorating a local fund's share of the agency's administrative costs.
[original page 3] Department of Agriculture, Report to the Governor 
Legislature 3 (Nov. 1994). The remainder of the report, with attached tables, describes how the Department had implemented the Legislature's instructions. Since 1993, the Department has continued to "bill" a share of its administrative costs to the local funds it administers, and the biennial budget appropriations have apparently reflected this allocation of costs between the general fund and the local funds.
 ANALYSIS
RCW 15.17 relates to the establishment of marketing standards and inspection programs for fruits and vegetables. The director of agriculture has the responsibility for setting the standards, defined in RCW 15.17.020(19) as "grades, classifications, and other inspection criteria for fruits and vegetables." The director may also provide for inspections and certifications of fruits and vegetables and may charge fees for these services. RCW 15.17.140-.190. The section which is the subject of your questions creates an account into which these fees are to be placed and prescribes the use of the funds in the account:
The fruit and vegetable account is created in the custody of the state treasurer. All fees collected under this chapter must be deposited into the account. The director may authorize expenditures from the account solely for the implementation and enforcement of this chapter and any other expenditures authorized by statute or session law and applying specifically to the account.
RCW 15.17.240(1).[2]
1. Is the Department of Agriculture authorized to use funds from the fruit and vegetable inspection account (created pursuant to RCW15.17.240) to pay administrative and overhead expenses of the Department?
In your request, you raise the issue whether the Department has the legal authority to charge the fruit and vegetable inspection fund for departmental administration and overhead. You have referred us to an earlier formal opinion in which we concluded that the Department lacked authority to make a very similar fund shift involving another local fund.
In AGO 1983 No. 20, we were asked whether the grain and hay inspection revolving fund could be charged with certain administrative expenses of the Department as instructed in budget notes developed in connection with the 1983-1985 operating budget. The fund in question was governed by former RCW 22.09.500, which provided that the fund "shall be used for all expenses directly incurred by the division of grain and agricultural chemicals in carrying [original page 4] out the provisions of this chapter."[3] See AGO 1983 No. 20, at 2. We concluded that the administrative expenses under consideration (1) did not fall within the category of uses for which RCW 22.09.500 permitted the use of the fund and (2) that in the absence of a proper express amendment to the permanent statute, neither budget language nor budget notes could effectively expand the possible uses of the fund.
The question here is whether the language governing the fruit and vegetable inspection fund is sufficiently similar to the language construed in AGO 1983 No. 20 that we should reach the same conclusion we reached in 1983. We concluded that it is not, and thus we reach a different conclusion as to the interpretation of RCW 15.17.240, although we reaffirm the reasoning of AGO 1983 No. 20 as to the questions considered in that opinion. Specifically, without properly amending a permanent statute, the Legislature may not alter its effects through budget notes, which are not enacted as legislation and do not have the force of law. By contrast, in this instance, the budget notes are consistent with the statutory language and would seem to be some indication of legislative intent.
There are important differences, however, between the statute we construed in AGO 1983 No. 20 and the one under consideration here. The 1983 opinion was based on language in RCW 22.09.500(1), providing that the fund in question could be used for expenses "directly incurred by the division of grain and agricultural chemicals in carrying out the provisions of this chapter." Former RCW 22.09.500. We particularly noted that the expenses in question were not the "direct" expenses of the division in question, AGO 1983 No. 20, at 7-8, and that the language in question was the result of a 1981 amendment to the statute eliminating a more general reference to "administrative" expenses. Id. Thus, we adopted a narrow reading of RCW 22.09.500 based on its specific wording and on its legislative history.
The statute in question here, RCW 15.17.240, is more broadly worded than former RCW 22.09.500. RCW 15.17.240(1) permits expenditures "solely for the implementation and enforcement of this chapter" and contains neither the word "direct" nor a reference to a particular division within the Department of Agriculture. Thus, we read the language as permitting the use of the fund to cover administrative and overhead expenses of the Department, to the extent that such expenses are attributable to the "implementation and enforcement" of RCW 15.17. In addition to the "direct" costs of conducting inspections and enforcement activity, this could include categories of "indirect" expenses which are incurred by the Department and which would be incurred by the fruit and vegetable inspection program directly if, for instance, it were a "stand alone" agency existing solely to implement and enforce RCW 15.17.
In this connection, we note that the Department has been charging administrative expenses to the local funds, including the fruit and vegetable inspection fund, for over a decade. Six or seven biennial budgets have been built based on the assumption that administrative costs [original page 5] will be allocated to the local fund and not to the general fund. The Legislature itself has not taken action to reverse the change in practice dating back to 1993 nor given any instructions to the Department to make more modifications. Since the question is whether the practice is consistent with the statute and legislative intent, we are reluctant to overlook this indication of the Legislature's intent.[4]
2. What types of expenses of the Department of Agriculture are considered to have been incurred in the "implementation and enforcement" of RCW 15.17?
3. Is the Department of Agriculture authorized to use funds in the fruit and vegetable inspection account (created pursuant to RCW 15.17.240) to pay any expenses other than those referred to in your answer to Question 2?
Your second and third questions invite us to analyze and describe the specific types of expenses which might properly be charged to the fruit and vegetable inspection account. We will not attempt to list the precise types of expense covered, because the statute provides general principles which must be applied to specific types of expenses incurred by the Department. Again, it might be helpful to imagine what the expenses of the fruit and vegetable inspection program would be if it were a "stand alone" agency created solely to operate that program. Such an agency would have employees. Some employee time would be spent on the "direct" implementation of the fruit and vegetable inspection program, but other employee time would provide indirect support through performing administrative services-time and budget management, payroll, personnel services, acquiring and maintaining facilities, public information and outreach, handling legislative and legal issues, and necessary communications with other agencies at the local, state, and federal levels. The agency would also have to buy or rent office facilities and acquire and pay for equipment and utility services.
Since the program is not "stand-alone" but is conducted within a larger agency, the same administrative services are provided but are shared with other programs. A single personnel officer, budget analyst, or program manager may perform services which support a number of different programs. These indirect administrative services could be paid for by general fund appropriations, relieving the "local funds" of the need to support these costs. However, the phrase "implementation and enforcement of this chapter" is broad enough to include costs which are necessarily incurred by the agency in order to provide the direct services (rulemaking, inspecting, consulting with producers) called for specifically in RCW 15.17.
Having laid out the general standards we conclude are applicable, we will not attempt here an item-by-item analysis of the various costs allocated to the local funds. That would [original page 6] require considerably more detailed information than we have at hand and falls within the expertise of a cost accountant or auditor.[5]
We trust the foregoing will prove useful to you.
Sincerely,
ROB MCKENNA Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
:pmd
[1] The Department's reports clearly imply that the instructions to change its practice came from the Office of Financial Management and/or the Legislature itself.
[2] The remainder of RCW 15.17.240 concerns the maintenance and periodic adjustment of separate accounts within the fruit and vegetable inspection account, one for each fruit and vegetable inspection district established under RCW 15.17.230. This language does not appear to be pertinent to your questions.
[3] RCW 22.09.500 has been amended several times since we issued AGO 1983 No. 20, and it has been renumbered as RCW 22.09.830. The fund has been renamed the "grain inspection revolving fund." The Legislature amended the statute to expressly allow the use of the fund for the Department's administrative expenses "during the 1993-95 biennium." RCW22.09.830(1).
[4] By contrast, we issued AGO 1983 No. 20 in the same year the issue arose, before there was any question of legislative "ratification" of a particular construction of the statute under consideration.
[5] Cost allocation among funds could be considered in connection with an audit of the agency. RCW 43.09.290.